UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TROPICAL SMOOTHIE FRANCHISE
DEVELOPMENT CORPORATION,
a Florida corporation,

    Plaintiff,

vs.                                                 CASE NO. 8:05-CV-00544-17-TGW

HAWAIIN BREEZE, INC., a Florida
corporation, RITA F. WYATT, individually,
TROPICAL SMOOTHIE OF WINTER HAVEN,
LLC, a Florida limited liability company, and
JOHN DISARRO, individually,

    Defendants.
_____/

## ORDER

    This cause is before the Court on: Defendants, TROPICAL SMOOTHIE OF WINTER HAVEN, LLC [hereinafter "TSWH"] and JOHN DISARRO's, Amended Motion to Dismiss Complaint For Failure To State A Cause Of Action, (Dkt. 14), filed on April 25, 2005 and Plaintiff, TROPICAL SMOOTHIE FRANCHISE DEVELOPMENT CORPORATION's ["TS"], Memorandum In Opposition to Defendant's Amended Motion To Dismiss, (Dkt. 18), filed on May 26, 2005.

## BACKGROUND

    Plaintiff in this action, TS, filed a five count complaint (Dkt. 1) and alleged that Defendants', Hawaiin Breeze, Rita F. Wyatt, TSWH, and John Disarro violated the Trademark Act of 1946, as amended (the Lanham Act, 15 U.S.C. §§ 1501 et seq.), for federal trademark infringement and unfair competition, and related common law causes of action for breach of contract, unauthorized use of Plaintiff's federally protected trade name, trademarks, logos, and other similar identification symbols in violation of its federal trademark rights.  Plaintiff asserts

1

Case No. 8:05-CV-00544-17-TGW

that this Court has jurisdiction over the action pursuant to 28 U.S.C. §§1331 and 1338, 15 U.S.C. § 1121, and with respect to certain claims, 28 U.S.C. § 1367.

In its complaint (Dkt. 1), Plaintiff claims it is a franchisor of quick and casual restaurant concepts that feature, among other things, fruit smoothies made using propriety recipes, specialty sandwiches, tortizzas, salads, and soups. Plaintiff has developed a distinctive system relating to the establishment, development and operation of a Tropical Smoothie restaurant under the trade name "Tropical Smoothie" or "Tropical Smoothie Café." Plaintiff has given notice to the public of the registration of its marks as provided in 15 U.S.C. § 1111. Plaintiff and its affiliates or predecessors in interest have continuously used each of the Tropical Smoothie Marks since the date of registration and the marks are in full force and effect pursuant to 15 U.S.C. § 1065.

Plaintiff also claims that it has developed a distinctive and uniform appearance in its Tropical Smoothie stores and cafes, which include the use of products, menus, theme, signage and presentation of trademarks and services consistent with its design concepts. Plaintiff asserts it has invested substantial effort, including the expenditure of a significant amount of money, to develop goodwill in its trade names and marks.

On June 7, 2004, Plaintiff entered into a resale franchise agreement (hereinafter "Franchise Agreement") (Dkt. 1, Exbt. 1), with John Dissarro under which it granted Dissaro the right to operate a Tropical Smoothie Café (Site No. FL-64) located at 6957 Cypress Gardens Boulevard, Winter Haven, FL 33884 (hereinafter "Franchised Business"). Pursuant to the agreement, Plaintiff granted Disarro the right and license to operate a Tropical Smoothie Franchised Business in accordance with its marks, system, standards, specifications, and for such operation only at the specific location designated in the Franchise Agreement. Section 12 of the Franchise Agreement prohibits relocation, sale, assignment, transfer, or conveyance of any direct or indirect interest in either the franchisee of the Franchised Business without Plaintiff's prior written consent.

Plaintiff alleges that on or about November 18, 2004, TS Winter Haven entered into a contract to sell assets comprised of highly specialized and unique assets approved for use in Tropical Smoothie Café restaurants to defendant Wyatt. Under the terms of the Asset Purchase

2

Case No. 8:05-CV-00544-17-TGW

Agreement, Wyatt acquired certain assets of TS Winter Haven, including the following: 1) Business credit card machine; 2) assignment of the leased Franchised Business; 3) the security system and; 4) tangible assets specifically listed on Exhibit "A" (Dkt. 1 Exhibit 2). TS Winter Haven notified Plaintiff of its intention enter into the Asset Purchase Agreement with Wyatt. Plaintiff objected to the sale insofar as it purported to transfer assets that would permit a third party to operate a substantially similar business on the premises of the Franchised Business in breach of Section 15 of the Franchise Agreement.

The assets were sold and Defendants Hawaiin Breeze and Disarro opened a restaurant similar in décor and motif in the same location as the Franchised Business under the name "Hawaiin Breeze Café." Plaintiff alleges that Defendants Hawaiin Breeze and Disarro have used, or are currently utilizing, menu selections, competing business products, furniture, and signage that are confusingly similar to TS's trade dress.

Count One of the Plaintiff's complaint (Dkt. 1) specifically alleges that Defendants TSWH and Disarro breached its contract with Plaintiff by transferring, assigning, or selling interests in the Franchised Business without Plaintiff's prior written consent. Defendants are also accused of engaging in or allowing the misuse or unauthorized use of Tropical Smoothie's propriety marks, disclosing confidential propriety and trade secret information, and diverting or attempting to divert business from the Franchised Business. Plaintiff seeks reasonable attorney's fees and consequential damages to be determined at trial.

Count Two of Plaintiff's complaint (Dkt. 1) alleges that all Defendants TSWH, Disarro, Hawaiin Breeze, and Wyatt violated Section 43(a) of the Lanham Act, 15 U.S.C. §§ 1051 et seq., by directly or contributorily infringing Plaintiff's rights in the Tropical Smoothie Trade Dress constituting trademark infringement.

Count Three of Plaintiff's accuses all Defendants of unfair competition, false designation of origin, and false representation in violation Section 43(a) of the Lanham Act in complaint (Dkt. 1). Plaintiff claims Defendants utilized competing business products, menu selections, store design and layout, décor, furniture and furnishings, color schemes and signage that are

Case No. 8:05-CV-00544-17-TGW

confusingly similar to Plaintiff's Trade Dress. Plaintiff also alleges that Defendants' conduct has caused and is continually causing immediate irreparable damage and injury to Plaintiff's goodwill and business reputation.

Plaintiff's complaint asks as a remedy, temporary injunction, to restrain Defendants Hawaiin Breeze and Wyatt and all who act in concert with them from doing business as a café, or to remove any and all Tropical Smoothie signage, marks, recipes, trade names, and to immediately discontinue the use of the name "Hawaiin Breeze" of "Hawaiin Breeze Café" and discontinue any use of the Plaintiff's Trade Dress to market, promote, or sell restaurant services at the site of the Franchised Business. The Court notes, however, that no motion for temporary injunction or preliminary injunction has been filed as required by the rules of the court. Plaintiff also seeks compensatory damages, treble damages, attorney's fees, prejudgment interest, cost of suit and any further relief the Court deems appropriate from all Defendants on Counts Two and Three.

Plaintiff alleges in Count Four of its complaint (Dkt. 1) that Defendants Hawaiin Breeze and Wyatt had actual or constructive knowledge of Defendants TSWH and Dissaro's contractual relationship with Plaintiff that prohibited the transfer or assignment of their interests, including assets, without Plaintiff's prior written consent. Plaintiff asserts that Defendants Hawaiin Breeze and Wyatt intentionally interfered with TSWH and Disarro's contractual relationship with Plaintiff. Plaintiff seeks consequential damages to be determined at trial, reasonable attorney fees and costs incurred, and any further relief the Court deems appropriate.

Count Five of Plaintiff's complaint alleges that all Defendants violated and continue to violate the Uniform Trade Secrets Act by using and disclosing Plaintiff's propriety and confidential information and trade secrets in the course of operating a competing quick casual restaurant without Plaintiff's consent. As a result of Defendants' unauthorized disclosure and misappropriation of Plaintiff's trade secrets, Plaintiff has incurred and continues to incur damages in the form of actual losses and unjust enrichment. Plaintiff states that it took reasonable efforts to safeguard all of its confidential and propriety information. Plaintiff seeks a preliminary and permanent injunction enjoining Defendants and those who act in concert with them, from further use or gain of any of Plaintiff's confidential and proprietary information or

Case No. 8:05-CV-00544-17-TGW

trade secrets. Plaintiff also seeks compensatory and punitive damages to be proven at trial and reasonable attorney fees and costs.

## STANDARD OF REVIEW

When reviewing a motion to dismiss for failure to state a claim, this Court must accept the facts as pleaded to be true and resolve them in light most favorable to the plaintiff. *Ancata v. Prison Health Srcs. Inc.,* 769 F.2d 700, 703 (11th Cir. 1985). The motion to dismiss should not be granted unless it appears to a certainty, "that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Millburn v. United States*, 734 F.2d 762, 765 (11th Cir. 1984). The threshold of sufficiency that a complaint must meet to survive a motion to dismiss is, "exceedingly low." *Ancata v. Prison Health Srcs. Inc.,* 769 F.2d 700, 703 (11th Cir. 1985) quoting *Quality Foods de Centro America, S.A. v. Latin American Agribusiness Devel.,* 711 F.2d 989, 995 (11th Cir. 1983).

## DISCUSSION

### I.   Federal Law Questions

Title 28 U.S.C. §1331 confers jurisdiction on a district court, regardless of general or exclusive nature of underlying action, providing the cause of action was created by federal statute. Johnson v United States Postal Service, 861 F2d 1475 (10th Cir. 1988). Pursuant to 28 U.S.C. § 1338(a) the district courts also have original jurisdiction of any civil action arising under any Act of Congress relating to patents, plant variety protection, copyrights and trademarks. Title 15 U.S.C. §1121 also gives the Court original jurisdiction over all actions arising under this Act, without regard to the amount in controversy or to diversity or lack of diversity of the citizenship of the parties. "This Act", referred to in this section, is Act July 5, 1946, Ch. 540, 60 Stat. 427, which is popularly known as the Lanham Act or the Trademark Act of 1946, and which appears generally as 15 U.S.C. §§ 1501 et seq.

#### a.  Count II – Trademark Infringement

Defendants argue that Plaintiff failed to allege any wrongdoing in violation of the Lanham Act. The argument fails after careful review of Plaintiff's complaint. Plaintiff claims in Count Two of its complaint (Dkt. 1) that all Defendants' directly or contributorily infringed on

CASE NO. 8:05-CV-00544-17-TGW

its Trade Dress rights constituting trademark infringement under Section 43(a) of the Lanham Act. (Dkt. 1, page 10).

The U.S. Supreme Court has recognized that liability can extend beyond the persons who actually mislabel goods with the mark of another. *Inwood Labs. v. Ives Labs*., 456 U.S. 844, 853 (1982). The 11th Circuit held that "natural persons, as well as corporations may be liable for trademark infringement under the Lanham Act." *Chanel, Inc. v. Italian Activewear of Florida, Inc.,* 931 F.2d 1472, 1477 (11th Cir. 1991). The Court reasoned that a corporation by its nature could only act through individuals, and if the individual actively and knowingly caused the infringement, that he was personally liable. The Court went on to discuss a factor in determining liability to include "whether or not the contributing party intended to participate in the infringement activity or actually knew about the infringing activities." *Mini Maid Servs. Co. v. Maid Brigade Sys. Inc.,* 967 F.2d 1516, 1522 (11th Cir. 1992). Plaintiff has properly stated a cause of action in its complaint for federal trademark infringement against all Defendants, therefore, the Court is unable to grant Defendants' motion to dismiss..

### b. Count III – Unfair Competition

Defendants assert that Plaintiff failed to allege any wrongdoing against Defendants under this count. Defendants argue that neither TSWH nor Disarro are currently operating a restaurant or using Platiniff's Trade Dress. As previously mentioned, a corporation or an individual may be liable for contributory infringement even though it did not directly engage in the infringing activity. Plaintiff correctly states the U.S. Supreme Court recognizes a separate cause of action for trademark infringement and unfair competition. The "essential element is the same in trademark cases as in cases of unfair competition unaccompanied with trade-mark infringement. In fact, the common law of trade-marks is but a part of the broader law of unfair competition." *Elgin v. Nat'l Watch Co. v. Illinois Watch Case Co.,* 179 U.S. 665, 674 (1990). In Count Three of its complaint (Dkt. 1), Plaintiff claims all Defendants engaged in unfair competition in violation of section 43(a) of the Lanham Act by diverting Plaintiff's business to a competitor and allowing the unauthorized use of Plaintiff's marks by the competitor. (Dkt. 1, page 13). Since

CASE NO. 8:05-CV-00544-17-TGW

Plaintiff has properly stated a cause of action against Defendants TSWH and Disarro, the Court is unable to grant Defendants' motion on this count.

## II.    Supplemental Jurisdiction

Pursuant to 28 U.S.C. § 1367 in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.  Since the Court has determined that Plaintiff has properly stated a federal cause of action against Defendants TSWH and Disarro in Count II and III of its complaint (Dkt. 1), the Court can exercise supplemental jurisdiction over the remaining claims in the interest of judicial economy.  Accordingly, it is

**ORDERED** that the Defendants' Amended Motion To Dismiss (Dkt. 14) be **DENIED** and the defendants shall file an amended complaint within ten days of this order.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, on this 23rd day of June, 2005.



ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to: All parties and counsel of record